## SUPREME COURT.

ANTHONY SCHEITLIN and others, appellants agt. EDWARD F. STONE and others, respondents.

There is no principle of law that prevents a party who is involved in debt from *selling* his property, nor from making such sale on *credit*, nor from taking the *notes* received for his goods and paying his creditors with them.

If a creditor chooses to receive a note in payment of his claim, he is not *hindered* or *delayed* in its collection. His debt is paid as soon as he receives the notes in payment.

There would seem to be no wrong in selling on *credit*, if thereby the debtor is able to pay *two debts*, when by a sale for cash he would only be able to pay *one* creditor.

Where the justice who tries the cause finds that the sale was made in good faith, for a good consideration, and was not made to hinder or defraud creditors, it is impossible to hold, under such findings, the sale to be *void*.

*New York General Term, February*, 1865.

*Before* INGRAHAM, CLERKE, *and* SUTHERLAND, *Justices*.

THIS action was brought by the plaintiffs as judgment creditors of the defendants, Edward Stone, William F. Kortright and James C. Littlewood, composing the firm of E. Stone & Co., after execution returned unsatisfied, to set aside a sale and transfer of the stock in trade of the firm to the other defendants, Edward F. Stone and John M. Hall, as made to hinder, delay and defraud creditors.

The complaint charged, that previous to the pretended sale, the firm had failed and suspended payments, and declared themselves to be insolvent, and were in fact insol-

vent at the time of the sale; that the stock was sold for $12,000, for which the firm agreed to take the six notes of E. F. Stone & Hall, payable at six, nine, twelve, fifteen, eighteen and twenty-one months, respectively; that the sale was made to prevent the property from being seized under executions by their creditors, and that at the time of the sale, E. F. Stone & Hall knew that the firm had suspended payment, and were insolvent, and that they knew, or had reason to know, that the sale was made with the intent and purpose of preventing the property from being seized by the creditors of the firm. The complaint also alleged various other facts and circumstances to show that the sale was fraudulent as to creditors.

The defendants, E. F. Stone & Hall, in their answer, admit the sale for the notes, but insist that it was *bona fide*, and made in good faith, and they allege that they agreed to pay more for the stock than it was worth, as the good will was included in the sale, and that the firm turned out the notes which they received to their creditors, and that they (E. F. Stone & Hall) have paid the notes as they matured, and that by the sale the firm had received a larger sum for the merchandise than they otherwise could. E. F. Stone & Hall also deny that they knew that the firm was insolvent, and they deny that they knew or had reason to know, that the sale was made to prevent the property being seized by the creditors of the firm.

The defendants, Edward Stone, Kortright & Littlewood, composing the firm, in their answer deny that they declared themselves to be insolvent or unable to pay their debts, but do not deny that they were in fact insolvent. They insist that the sale was a *bona fide* transaction, and not made for the purpose, or with the fraudulent intent charged in the complaint, and that they received by the sale more for the property than it was worth, and more than they could or would have received from any other disposition of it. The concluding paragraph of their answer is in

these words : " And these defendants further answering said complaint, say, that at the time of said sale of said merchandise, alleged in said complaint, they were embarrassed in their financial affairs, and were unable to meet their liabilities as they became due and payable, and were obliged to ask their creditors for an extension, but these defendants did not consider or believe that they were insolvent. They owed confidential debts, which it was their duty to pay in preference to others, and said sale was made in order that said property should not be sacrificed, and that the confidential creditors of said E. Stone & Co. should get the avails of said merchandise, and for no other purpose ; and these defendants aver that the confidential creditors of E. Stone & Co., received the avails of said sale of said merchandise ; that the notes of said Stone & Hall were immediately turned out in payment, or as security to the confidential creditors of E. Stone & Co., and that said notes have been paid by said Edward F. Stone and John M. Hall, as they have matured, to the creditors of the said E. Stone & Co."

On the trial at special term, a large amount of evidence was given on the part of the plaintiffs, to show that the sale was fraudulent. The justice who tried the case, found as a fact that the plaintiffs recovered the judgment alleged in the complaint for the indebtedness, and the amount and at the time alleged in the complaint, and that executions were issued and returned unsatisfied, as alleged in the complaint. He further found as a fact, that the firm of E. Stone & Co. sold the stock of goods in the complaint alleged, to the other defendants, Stone & Hall, at the time and for the prices therein alleged, and upon the credit therein specified, and that sale was made in good faith, and for a good and valid consideration. He also found that the sale was not made to hinder, delay or defraud creditors, and ordered judgment for the defendants, dismissing the complaint with

costs. From the judgment in pursuance of this order, the plaintiffs have appealed.

HENRY NICOLL, *for appellants.*
R. M. HARRINGTON, *for respondents.*

INGRAHAM, P. J.   I see nothing in the transaction in this case, upon the contract as made between the parties, which will warrant us in setting aside the sale.   The purchasers deny all knowledge of a fraudulent intent; they show that the sale as made, was the best mode for getting the highest price for the property sold, and that the notes when sold, were paid over to the creditors, and have all been paid by the makers.  I know of no principle of law that prevents a party who is involved in debt from selling his property, nor from making such sale on credit, nor from taking the notes received for his goods and paying his creditors with them.   If a creditor chooses to receive a note in payment of his claim, he is not hindered or delayed in its collection. His debt is paid as soon as he receives the notes in payment.   Nor can I see any wrong in selling on credit, if thereby the debtor is able to pay two debts, when by a sale for cash, he would only be able to pay one creditor.

The justice who tried the cause found that the sale was made in good faith, for a good consideration, and was not made to hinder creditors, or to defraud them.   Under such findings, it is impossible to hold the sale to be void.   Until the courts go so far as to hold that all sales made by a debtor in failing circumstances are void, I can see no reason for so holding in this case; and when such a rule is adopted, it will render it necessary for every purchaser of goods, before he makes a purchase, to institute an inquiry into the solvency of the vendor.   If a man who purchases without notice, for a good consideration, and without any intent to hinder or defraud creditors, cannot be protected by the law, there will be no safety in commercial transac-

tions.   The statements in the answer of the firm who sold
the goods, are not evidence against the purchasers in whose
favor the judge found on the trial, even if they admitted
a fraudulent intent on their part.   The purchasers had no
such intent, and knew nothing of any fraudulent transac-
tion.   As to the findings of fact by the judge, I think they
were warranted by the evidence, and I concur with him in
the conclusions to which he arrived.

I think the judgment should be affirmed.

CLERKE, J., concurred.

SUTHERLAND, J., *dissenting*.   It is impossible to sustain
the transaction, even on the answers.   The statute declares
void every conveyance, &c., "made with the intent to
hinder, delay or defraud creditors," &c.   The necessary
effect or result of the transaction, as avowed in the answers,
was to hinder and delay creditors.   The parties must be
presumed to have intended the necessary effect or result
of the transaction.   Even the favored creditors, to whom
the notes were turned out, were obliged to take the notes
and wait until they matured, or get nothing.   Take the
statement of the transaction in the answer of the defend-
ants composing the firm, and it cannot be supported with-
out evading the statute.   They say that the sale was made
to prevent the property from being sacrificed, and that the
confidential creditors should get the avails ; but as I have
said, even the confidential creditors could not get the
avails until the notes matured, and the necessary effect was
to hinder and delay even them.   It is quite immaterial
how good or pure, in a moral aspect, the motives of the
defendants may have been.   The giving of the notes did
not make E. F. Stone & Hall purchasers for value.   When
this action was commenced, by their own answer, they were
not purchasers for value, except to the extent that they
may have actually paid their notes.

Without examining the evidence on the question of

fraud in fact, or other questions in the case, I think then that the judgment should be reversed and a new trial ordered, with costs to abide the event.